[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this limited contested dissolution matter, the court is asked to effect a division of assets and decide the financial basis upon which the 11 year marriage is to be terminated.
There are factors which make these decisions difficult. The plaintiff is 57 and has experienced some health problems. The defendant is 46. The parties have been married before, the plaintiff once before and the defendant twice before. All of the assets have been acquired since the marriage and there is no question but that the plaintiff was responsible for their acquisition. However, the defendant did work in the plaintiff's business for a time and it was their mutual decision that she not obtain full time outside employment, enabling them to travel together when the plaintiff's business permitted.
The plaintiff appears to have been supportive of the defendant when she was experiencing problems with one of her children from an earlier marriage and in addition to loaning money to his stepson, he also set him up in business.
The plaintiff feels his wife left him because he objected to her paying so much attention to a mutual friend. The defendant stated there was nothing to this relationship but her concern for a friend who was undergoing great stress in his life. The plaintiff also feels the defendant decided to pull out of the marriage because she was unwilling to face his business problems and the added possibility of his becoming disabled.
In reviewing the defendant's testimony, the court notes that her explanation for leaving her husband is not convincing. Apparently, the parties had difficulty communicating for about a year. This was the period during which the plaintiff's concerns for his business were giving him great anxiety. It was also at this time that the plaintiff felt his wife was being overly solicitous to their friend. The strongest word used to describe the plaintiff's behavior toward her was "surly."
The court has considered the requirements of Sections 46b-81
and 82 in concluding that:
1. The jurisdictional requirements have been met and the marriage has now broken down irretrievably; it should be and is dissolved.
2. The defendant is awarded the sum of $30,000 to be paid out of the proceeds of the sale of the former marital residence. CT Page 4146
3. Within one year or upon the sale of the pleasure boat, whichever is sooner, the plaintiff shall pay to the defendant the sum of $10,000.
4. The parties shall retain the motor vehicles presently in their possession as well as their IRAs, pension, and profit sharing plans.
5. If the parties are unable to agree on a division of the household furniture and furnishings, the matter will be referred to the Family Relations Office for mediation.
6. The plaintiff shall pay to the defendant for a period of 18 months the sum of $250 per week as alimony. This item is nonmodifiable as to term and amount.
7. Each party shall be solely responsible for the liabilities shown on the respective financial affidavits and shall hold the other party harmless on those items.
ANTHONY V. DeMAYO, JUDGE